# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 2, 2016

## STATE OF TENNESSEE v. HAROLD MCDUFFIE

**Appeal from the Criminal Court for Shelby County**
**No. W02-00271     Lee V. Coffee, Judge**

---

### No. W2015-00664-CCA-R3-CD  -  Filed March 31, 2016

---

Pro se petitioner, Harold McDuffie, appeals from the Shelby County Criminal Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Upon review, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Harold McDuffie, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; and William L. Gibbons, District Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

Nearly fourteen years ago, on June 3, 2002, the petitioner pleaded guilty in case number 02-00271 to one count of burglary of a building and one count of unlawful possession of a controlled substance, for which he was sentenced to two years' and six months' confinement, respectively. On February 5, 2015, the petitioner filed a motion to correct illegal sentence, alleging that while on probation for case number 02-00271, he committed a series of felony offenses while released on bail and subsequently received concurrent sentences, in direct contravention of Tennessee Code Annotated section 40-20-111 and Rule 32(c)(3)(C) of the Tennessee Rules of Criminal Procedure. Taking the petitioner's assertions in the motion as true and viewing them in the light most favorable to him, the petitioner is not entitled to relief because his illegal sentence expired some twelve years ago. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015) (holding that

Rule 36.1 does not expand the scope of relief available for illegal sentence claims and therefore does not authorize the correction of expired illegal sentences). Accordingly, because the petitioner's Rule 36.1 motion failed to state a colorable claim for relief, the trial court's summary dismissal was proper.

When an opinion would have no precedential value, this Court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in the proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE